IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JONATHAN BEAUDRY,
    Plaintiff,

vs.                                            Case No.: 5:09cv264/RS/EMT

G. WELLHAUSEN, et al.,
    Defendants.
_____/

## ORDER

    Plaintiff, a Florida inmate proceeding pro se, initiated this civil rights action by filing a complaint under 42 U.S.C. § 1983 and a motion to proceed in forma pauperis (Docs. 1, 2). Plaintiff has also filed a motion for appointment of counsel (Doc. 3).

    Upon review of the motion to proceed in forma pauperis, the court concludes that Plaintiff failed to provide the requisite supporting documentation for the motion, specifically, <u>a financial certificate signed by a prison official</u> with a copy of his trust fund account statement covering the six-month period preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). Therefore, the motion will be denied without prejudice to Plaintiff's refiling a complete motion with the required supporting documentation.

    Additionally, it appears Plaintiff failed to use the court-approved form for filing his complaint. Local Rule 5.1(J) for the Northern District of Florida states that the court will not accept for consideration a complaint under section 1983 unless the appropriate complaint form is completed. Thus, Plaintiff must file his complaint on the form for use in section 1983 cases, even if he wishes to attach separate pages explaining the facts that underlie the complaint.

    If Plaintiff wishes to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of

the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims. Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. R. 15.1.

In light of the foregoing, Plaintiff's motion for appointment of counsel is premature. The court therefore shall deny this motion, without prejudice.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **DENIED**, without prejudice.

2. Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED**, without prejudice.

3. The clerk shall send Plaintiff a motion to proceed in forma pauperis and a prisoner consent form and financial certificate and a civil rights form for use by prisoners in actions under 42 U.S.C. § 1983 approved for use in the Northern District. This case number should be written on the forms.

4. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and titled "Amended Complaint."

5. Plaintiff's failure to file an amended complaint may result in a recommendation that this action be dismissed for failure to comply with a court order.

**DONE AND ORDERED** this 10th day of August 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No.: 5:09cv264/RS/EMT